UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TERRY FERRELL, § § § § § § § § § § | |
| Plaintiff. | |
| VS. | CIVIL ACTION NO. 3:19-CV-00352 |
| UNION HOME MORTGAGE CORP., ET AL., | |
| Defendants. | |

## OPINION AND ORDER

Pending before me is a motion for summary judgment filed by Defendants Union Home Mortgage Corp. ("Union Home") and Cenlar FSB ("Cenlar"). *See* Dkt. 28. Having considered the briefing, the record, and the applicable law, I **GRANT** the motion, and dismiss this case.

### BACKGROUND

In June 2018, Plaintiff Terry Ferrell ("Ferrell") purchased real property located at 4209 Tawakon Drive, Pearland, Texas 77584 (the "Property"). As part of the purchase, Ferrell executed a promissory note and Deed of Trust. The promissory note obligated Ferrell to pay $201,286 through monthly payments of principal and interest. The Deed of Trust granted the original lender a security interest in the Property to secure repayment of the promissory note. At some point, the Deed of Trust and the security interest were assigned to Union Home. Cenlar serviced the loan on behalf of Union Home.

Just a few months after obtaining the home loan, Ferrell stopped making her monthly note payments. The first payment she missed was due November 1, 2018, and she has failed to make any subsequent payments. Starting in mid-November 2018, Union Home sent Ferrell several letters notifying her of the delinquency and suggesting options to help bring the loan current and avoid foreclosure.

On January 7, 2019, Union Home sent Ferrell written notice of her default by certified mail. That letter notified Ferrell that the sums secured by the Deed of Trust would be accelerated if she failed to cure the default on or before February 11, 2019. Two months later, after Ferrell failed to cure the default, Union Home followed through on its word and sent her both a Notice of Acceleration and a Notice of [Substitute] Trustee's Sale. These documents accelerated the loan and informed Ferrell of a non-judicial foreclosure sale on the Property. To stave off the foreclosure, Ferrell filed a lawsuit in state court, where she obtained a temporary restraining order preventing the foreclosure from moving forward. The case was eventually removed to federal court.

The Original Petition filed in the state court lawsuit remains the live pleading in the case. It asserts claims for breach of contract and quiet title. Based on those causes of action, Ferrell also seeks a declaratory judgment and a permanent injunction.

## SUMMARY JUDGMENT STANDARD

A party should prevail on a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as

2

a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden "of informing the district court of the basis for its motion." *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (quotation omitted). If the nonmoving party bears the burden of production at trial, the party moving for summary judgment "must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017) (quotation omitted). If the movant is successful, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon*, 808 F.3d at 270 (quotation omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," instead the nonmoving party "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (quotations omitted).

In evaluating the party's arguments in favor and against summary judgment, "the court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (quotation omitted). The court "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the nonmovant's favor. *Id.*

## ANALYSIS

A. **BREACH OF CONTRACT**

In her operative pleading, Ferrell brings two distinct breach of contract claims. First, she alleges that Defendants failed to provide her with proper notice of default as required by the Deed of Trust. Second, Ferrell claims that Defendants failed to follow Housing and Urban Development ("HUD") regulations, as specifically mandated by the Deed of Trust. I address each claim separately.

1. **Notice**

The parties agree that both the Deed of Trust and the Texas Property Code required Defendants to send Ferrell notice of any alleged default by first class mail before pursuing a foreclosure sale. Defendants have provided sworn testimony from an authorized corporate representative that they mailed a notice of default to Ferrell on January 7, 2019. Ferrell claims under oath that she did not receive the notice of default.

Importantly, actual receipt of the notice of default is not necessary under either the Deed of Trust or the Texas Property Code. The Deed of Trust states that "[a]ny notice to Borrower in connection . . . with this Security Instrument shall be deemed to have been given to Borrower when mailed by first-class mail." Dkt. 28-3 at 7. Similarly, the Texas Property Code provides that the service of notice to a borrower before a foreclosure sale "is complete when the notice is deposited in the United States mail." TEX. PROP. CODE § 51.002(e). All that is required is that the

4

notice of default be placed in the mail "addressed to the debtor at the debtor's last known address." *Id.*

Ferrell claims that her non-receipt of notice is sufficient to avoid summary judgment because it raises a genuine issue of material fact as to whether notice was properly given. This identical argument has been considered and soundly rejected by the Fifth Circuit on numerous occasions, most recently two weeks ago. *See Douglas v. Wells Fargo Bank, N.A.*, --- F. 3d ---, 2021 WL 1152939, at \*4 (5th Cir. Mar. 26, 2021) (a "self-serving protestation of non-receipt of notice is not enough to create a genuine dispute at summary judgment" (cleaned up)). "[T]he dispositive inquiry is not *receipt* of notice, but, rather *service* of notice." *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quotation omitted). *See also Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (claim that foreclosure-related notice was not received "cannot state a claim for relief because Texas law only imposes a constructive-notice requirement"); *Onwuteaka v. Cohen*, 846 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("The general purpose of [§ 51.002(e)] is to provide a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure."). "For that reason, [Texas courts] have held there to be no genuine dispute as to the sending of notices required under Section 51.002 when the sole contravening evidence is the homeowner's affidavit asserting non-receipt." *LSR*, 835 F.3d at 534.

The undisputed evidence establishes that Defendants properly served notice by mailing the notice of default to Ferrell at the Property. Summary judgment is appropriate on Ferrell's breach of contract claim for improper notice. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). ("[The lender] satisfied its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect. There is no requirement that [the borrower] receive the notice.").

**2. HUD Regulations**

A failure to follow HUD regulations can form the basis of a breach-of-contract claim if the parties expressly incorporate the HUD regulations into their contract. *See Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013). The parties in this case have done just that. *See* Dkt. 28-3 at 8 ("This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the [HUD] Secretary."). According to the Original Petition, Defendants violated HUD regulations by failing to have a face-to-face meeting with Ferrell (24 C.F.R. § 203.604), failing to evaluate her for all loss mitigation options (24 C.F.R. § 203.605), and failing to ensure that all servicing requirements have been met during the pre-foreclosure review period (24 C.F.R. § 203.606).

None of these claims survive summary judgment. Section 203.604 requires a mortgagee to have a face-to-face meeting with the mortgagor or make a reasonable effort to arrange such a meeting, prior to proceeding with a foreclosure. *See* 24 C.F.R. § 203.604(b). A face-to-face meeting, however, is not required if

6

"[t]he mortgagor has clearly indicated that [s]he will not cooperate in the interview." *Id.* at § 203.604(c)(3). Attached to Defendants' motion for summary judgment are call notes from a December 26, 2018 conversation between Defendants and Ferrell, which conclusively establish that Ferrell flatly refused the opportunity for a face-to-face meeting. As a result, Defendants are excused from holding a face-to-face meeting with Ferrell. Even without that summary judgment evidence, Ferrell's face-to-face meeting claim still fails. A reasonable effort to arrange a face-to-face meeting "shall consist at a minimum of one letter sent to the mortgagor," and "shall also include at least one trip to see the mortgagor at the mortgaged property." *Id.* at § 203.604(d). The summary judgment record establishes that Defendants sent Ferrell a letter on November 15, 2018, offering the opportunity for a face-to-face meeting. Although there is no indication whether Defendants made a personal visit to the Property in an attempt to arrange a face-to-face meeting, the burden is on Ferrell to show by competent summary judgment evidence that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ferrell's summary judgment response offers no argument or evidence on this point. Her inability to identify any evidence in the record suggesting that Defendants failed to make a reasonable effort to arrange a face-to-face meeting is a death knell to her claim.

7

Ferrell also argues that Defendants failed to evaluate her for all loss mitigation options as required by § 203.605,[1] and failed to ensure that all servicing requirements were met as required by § 203.606.[2] The problem here is that Ferrell does not offer a shred of evidence in support of her claims. This alone dooms her breach of contract claim for failure to comply with HUD regulations. Even so, Defendants make a convincing case that they acted in accordance with their obligations, repeatedly notifying Ferrell of various possible loss mitigation foreclosure avoidance programs, encouraging her to contact them with any questions, and requesting that she provide relevant financial information. Defendants went so far as to offer Ferrell a repayment plan, which was never agreed to.

In short, Ferrell has failed to raise a genuine issue of material fact that Defendants breached their contractual obligation to abide by HUD regulations when accelerating the loan. As such, her breach of contract claim based on alleged regulatory violations has met its end.

**B.    SUIT TO QUIET TITLE**

The Original Petition brings a cause of action to remove cloud and quiet title. To establish a quiet title claim, Ferrell must show: "(1) [her] right, title, or

---

[1] "Before four full monthly installments due on the mortgage have become unpaid, the mortgagee shall evaluate on a monthly basis all of the loss mitigation techniques provided at § 203.501 to determine which is appropriate. Based upon such evaluations, the mortgagee shall take the appropriate loss mitigation action." 24 C.F.R. § 203.605(a).

[2] "Before initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met." *Id.* § 203.606(a).

8

ownership in real property; (2) that the defendant has asserted a 'cloud' on [her] property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x, 379, 382 (5th Cir. 2014). In their motion for summary judgment, Defendants argue that Ferrell cannot meet her burden to present evidence supporting these necessary elements of a quiet title claim. Ferrell apparently agrees, as she has offered no summary judgment argument or evidence in her response. Because Ferrell is unable to create a genuine issue of material fact on the quiet title claim, summary judgment is required.

### C.   DECLARATORY AND INJUNCTIVE RELIEF

In addition to the breach of contract and quiet title claims, Ferrell seeks a declaratory judgment that Defendants (i) do "not have standing to seek non-judicial foreclosure of the" Property; and (ii) do "not have the power of sale pursuant to the deed of trust" to conduct foreclosure. Dkt. 1-1 at 9–10. The declaratory judgment action is based upon Defendants' alleged failure to follow the proper procedures in accelerating Ferrell's loan and pursuing foreclosure. Ferrell also asks for a permanent injunction precluding Defendants from foreclosing on the Property.

"The Declaratory Judgment Act, which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and does not create any substantive

9

rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (quoting 28 U.S.C. § 2201(a)). *See also Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) ("[A]lthough the Declaratory Judgment Act provides a *remedy* different from an injunction—it does not provide an additional cause of action with respect to the underlying claim."). "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Davis v. Silver State Fin. Servs.*, No. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (collecting cases). Because I have already recommended dismissal of the underlying breach of contract and quiet title claims, the declaratory relief claim must also be dismissed. The request for injunctive relief fails for the same reason. *See Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012) (stating that parties are not entitled to injunctive relief where "the court has dismissed each of their claims as a matter of law").

## CONCLUSION

For the reasons provided above, the Defendants' motion for summary judgment is **GRANTED**. This case is dismissed. A final judgment will be entered separately.

SIGNED this 7th day of April 2021

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE